Argued November 19, 1896; decided January 18, 1897.

## FIRST NAT. BANK v. LINN CO. BANK.
### (47 Pac. 614.)

1. Declarations of Agent—Res Gestae.—Where the acts of an agent are binding on the principal, what was said by the agent at the time is admissible as part of the res gestae; but where the declarations do not accompany the act, they are not admissible to charge the principal.

2. Presumption—Negotiable Instrument.—In support of a judgment, an instrument alleged to be a sight draft, drawn by an individual on a bank, will be presumed to be an ordinary bank check.

3. Presenting Check.—The holder's laches in presenting a check for payment will not discharge the drawer if there were no funds in the bank applicable to its payment, for the latter has suffered no loss by the delay.

4. Presumption—Sufficiency of Testimony.—Alleged error in overruling a motion for a new trial on the ground that the verdict was against law will not be considered by the Supreme Court, where the bill of exceptions does not contain or purport to contain all the evidence given on the trial, or all the instructions of the court.

From Linn:  Geo. H. Burnett, Judge.

Action by the First National Bank of Portland, Oregon, against the Linn County National Bank of Albany, Oregon, to recover damages for the negligence of the latter in matter of collecting a certain draft.  There was a judgment for defendant, and plaintiff appeals.

Affirmed.

For appellant there was a brief over the name of *Cox, Cotton, Teal & Minor*, with an oral argument by *Mr. Joseph N. Teal*.

For respondent there was a brief and an oral argument by *Mr. James K. Weatherford*.

Opinion by Mr. Justice Bean.

This is an action to recover for a loss suffered by the plaintiff on account of an alleged omission of duty on the part of the defendant. The substance of the complaint is that on the 16th day of June, 1893, the plaintiff bank forwarded by mail to the defendant bank, its regular agent and correspondent at Albany, Oregon, for collection and payment, a sight draft for $1,000, drawn by one J. L. Cowan on the defendant bank in favor of Fleischner, Mayer & Co., and by them indorsed to the plaintiff for deposit on account; that the draft was received by the defendant on the day it was mailed, but it did not collect or pay the same, and negligently failed to notify the plaintiff of its non-collection or non-payment, and no action was taken thereon until the 24th of June, when, the defendant having in the meantime closed its doors and passed into the hands of a national bank examiner, such examiner, at the request of the plaintiff, presented the draft for payment, and, that being refused, the draft was duly protested; that in the regular course of business notice of its non-payment could and ought to have been communicated by the defendant to the plaintiff on June 17, and that then and thereafter until the 19th Cowan was possessed of ample property out of which plaintiff could have enforced payment thereof, if it had been notified that the same had not been paid; but that on the last-named date he became and has ever since been utterly insolvent, and the plaintiff has wholly lost the sum of money for which the draft was drawn, to its damage in the sum of $1,000. The defendant denies the imputed negligence, and sets up in its answer that the draft was not received by it until the 24th of June, and was immediately protested for non-payment, and plaintiff duly notified, and this presents the controlling question in the case. The trial resulted in favor of defendant, and plaintiff appeals.

I. As already suggested, the important and indeed the only question of fact in issue on the. trial was the date of the receipt of the draft by the defendant bank. As evidence tending to support the issue on its part, the plaintiff offered a letter written by the receiver of the defendant bank to the plaintiff's attorneys on July 28, 1893, in which it is stated that the draft in question was taken out of the postoffice at Albany "by Examiner Jennings on his arrival, June 21, and not received by the bank before suspension." The court refused to admit the letter in evidence, and this ruling is assigned as error. The contention for the plaintiff, as we understand it, is that the receiver of a national bank is the statutory agent of the bank, and that his admissions are competent evidence against the association. Conceding—but without deciding—this to be the law, the letter in question was clearly incompetent. It is at most but the narrative of a past event, and does not appear to have been made by the receiver as a part of some transaction then pending within the scope of his authority. Whenever what an agent did is admissible in evidence against his principal, it is competent to prove what he said about the act while doing it, because his declarations or statements made at the time are part of the res gestae. It is for this reason that they are admissible at all. As stated by Mr. Story, the rule is "that where the acts of an agent will bind the principal, there his representations, declarations, and admissions respecting the subject-matter will also bind him, if made at the same time, and constituting a part of the res gestae": I Story on Agency, 134. The agent is the representative of the principal in the transaction of business embraced within his agency. Whatever, therefore, he lawfully does in the transaction of that business is the act of his principal; and his declarations respecting the subject-matter, if made at the same time and forming a part of the trans-

action, will also bind him.   But when the right of the agent to act in a particular matter has ceased, or the declarations do not accompany the act, or are concerning a matter not within the scope of the agent's authority, the principal cannot be affected by them in any way:   1 Greenleaf on Evidence, § 113; Mechem on Agency, 115; *Anderson* v. *Rome R. R. Co.*, 54 N. Y. 334; *La Rue* v. *St. Anthony Elevator Co.*, 3 S. Dak. 637 (54 N. W. 806). Within this principle the declarations of the receiver offered in evidence were clearly incompetent; they were not only made more than a month after the alleged receipt of the draft, but were in reference to a matter of which the receiver did not claim to have any personal knowledge, and which evidently happened prior to his appointment. So it seems to us that, under no view of this case, was the letter admissible in evidence to charge the defendant with negligence.

2.   It is also claimed that the court erred in charging the jury that negligence of the defendant bank in not making due presentment of the draft would not discharge the drawer from liability if he had no funds in the bank applicable to its payment.   The form of the draft in question nowhere appears in the record, and therefore it must be assumed in favor of the judgment of the court below that it was an ordinary bank check drawn by Cowan upon the defendant bank, and, considering it as such, there was no error in the instruction.

3.   The holder's laches in presenting a check for payment constitutes no defense in an action against the drawer, unless he is damaged by the delay, and then only to the extent of his loss.   A check purports to be made upon a deposit to meet it, and presupposes funds of the drawer in the hands of the drawee.   But if the drawer has no such funds at the time of drawing his check, or subsequently withdraws them, he commits a fraud upon

the payee, and can suffer no loss or damage from the holder's delay in respect to presentment or notice. In such case he is liable, and cannot insist upon a formal demand or notice of non-payment: 3 Randolph on Commercial. Paper, §§ 1106, 1347; 2 Daniel on Negotiable Instruments, §§ 1587, 1596.

4. And, finally, it is claimed that the court erred in overruling plaintiff's motion for a new trial. Its counsel frankly concedes, however, that the ruling of the trial court on a motion for a new trial based on the insufficiency of the evidence or some other question of fact is not assignable error on appeal, but he seeks to make a distinction between the case stated and one where the motion is based upon the ground that the verdict is against law. He contends that from the undisputed facts and the instructions of the court in the case at bar the plaintiff was entitled to a verdict, and that the only remedy for the correction of the error of the jury was by motion for a new trial. But the facts on which his argument is based do not appear of record. The bill of exceptions does not contain, or purport to contain, all the evidence given on the trial, nor all the instructions of the court, and therefore we could not determine, even if the question was otherwise properly here, whether the verdict was against law or not. The pleadings present an issue of fact upon which defendant's liability admittedly depends, and, this issue having been determined by the jury in favor of the defendant, we are bound to assume, in the absence of an affirmative showing to the contrary, that the verdict was supported by the testimony. Finding no reversible error in the record, the judgment of the court below is affirmed.

AFFIRMED.