CHANDLER v. ÆTNA INS. CO.

No. 5838.

Court of Appeal of Louisiana. Second Circuit.

March 8, 1939.

Rehearing Denied March 31, 1939.

Writ of Certiorari Denied May 1, 1939.

Chandler & Chandler, of Shreveport, for appellant.

St. Clair Adams & Son, of New Orleans, for appellee.

DREW, Judge.

Plaintiff instituted this suit against defendant on an automobile insurance policy, claiming damage to his automobile by collision. He alleged that he had parked his automobile in the driveway adjacent to his dwelling in Rodessa, Louisiana, for the night; that during the night the town was visited by a tornado which, among other damage done, demolished a dwelling approximately 80 or 90 feet from plaintiff's house, and it or portions or fragments of it struck and collided with plaintiff's automobile with such force as to cause serious damage to it; and forced it a distance of approximately 100 feet into the teeth of said tornado. He specifically set out the damage done to the car and prayed for judgment accordingly.

Defendant filed exceptions of no cause of action and no right of action, coupled with its answer. The case was tried on its merits but no decision was rendered thereon for the reason the lower court sustained the exceptions and dismissed plaintiff's suit. He now prosecutes this appeal.

The policy of insurance was attached to the petition. It provided for a number of risks which might be insured against, the assured selecting the risks at the time of the application for insurance. The schedule therein is as follows:

| Perils | Limit of Liability | Net Rates | Premiums |
|---|---|---|---|
| 1. Fire, Lightning and Transportation, as defined in Paragraph F, | A C V | | $15.65 |
| 2. Broad Form Theft, Robbery and Pilferage, as defined in Paragraph G, | Broad Form Charge | | |
| 2A. Theft, Robbery and Pilferage, Deductible Pilferage, as defined in Par. H, | A C V | | $ 7.25 |
| 3. Tornado, Hail, etc., as defined in Paragraph I, | | | |
| 6. Collision or Upset, as defined in Paragraph L, | Actual Cash Value in Excess of $50.00 deductible | | $12.75 |
| 9. Special Additional Coverage, as defined in Paragraph N, | | | |

The perils insured against are shown by the amount of the specific premium opposite each item, being numbers 1, 2A and 6 in the schedule above set out. It is to be noted that peril number 3 in the schedule, "Tornado, Hail, etc.", was not insured against.

"Collision or Upset", which was insured against, is defined in Paragraph L of the policy as follows: "Collision or Upset: Accidental Collision or Upset where the damage to the automobile and/or equipment herein described from such Collision or Upset is in excess of the deduction specified in Paragraph C; each accident shall be deemed a separate claim and the amount of determined loss or damage shall be subject to such deduction; but this insurance shall not cover loss or damage to any tire unless caused in an Accidental Collision or Upset which also causes other loss or damage to the insured automobile, nor any loss or damage caused directly or indirectly by fire."

Attention is called to the fact that collision or upset is defined as "accidental collision or upset."

Plaintiff contends that he should recover under the collision coverage; that when the tornado destroyed the adjacent dwelling and forced portions of it against his car there was a collision, within the ordinary meaning of the word, between his car and that part of the dwelling which came in contact with it. There can be no doubt as to that being a fact. Likewise, if the tornado had picked up plaintiff's car and blown or forced it against the dwelling there certainly would have been a collision; or if the car had been picked up by the tornado and came in contact with any other debris or matter which had been picked up by the tornado before reaching the car, it still would be a collision. "Collision", as defined by lexicographers, might be strained

to include any impact of one body with another. But the word in an insurance policy must be construed in accordance with what the parties to the contract must reasonably be said to have contemplated as to the coverage. The rule of construction is stated in Great American Indemnity Co. v. Southern Feed Stores, 51 Ga.App. 591(1), 181 S.E. 115, 116, as follows: "While a policy of insurance is to be construed liberally in favor of the object to be accomplished, and its provisions will be strictly construed against the insurance company, and where it is susceptible of two constructions, that construction will be adopted that is most favorable to the insured, yet a contract of insurance should be so construed as to carry out the true intention of the parties, and their rights are to be determined by its terms so far as they are lawful, and the language of the contract should be construed in its entirety, and should receive a reasonable construction and not be extended beyond what is fairly within its plain terms; and where the language fixing the extent of the liability of the insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made."

■ Plaintiff contends that the probable or efficient cause of the damage to the car was the collision of the dwelling or parts of it with the car. Defendant contends that the efficient cause was the tornado. We do not think any determination need be made as between the two forces. It is certain no human agency contributed to the damage and it is clear that the action of the dwelling or parts of it in colliding with the car was in immediate sequence with the primal force, the tornado, and its action in colliding with the car was brought about solely by that instrument of nature. Some part of the dwelling came in contact with the car but it would be unreasonable to say that the parties, in making the contract, contemplated that the coverage of "collision" would include a house being blown against the car by a tornado. Manifestly, the tornado itself was not an accident but was an act of God. An act of God is something in which man plays no part, does not understand and in most instances is afraid to attempt to fathom.

Another fact which impels us to conclude that the damage in question was not reasonably in contemplation of the contract is that, although the opportunity of being indemnified against damage by tornado was offered the insured, he chose not to avail himself of that item of coverage but contented himself with being protected against loss or damage due to accidental collision or upset, fire, lightning and transportation, theft, robbery and pilferage; from which it must reasonably be deduced that any damage immediately associated with or in the sphere of action of a tornado was not to be included in the coverage.

■ The context may always be looked to for a proper construction of what was in the minds of the parties at the time the contract was entered into. Ohio Hardware Mutual Ins. Co. v. Sparks, 57 Ga.App. 830, 196 S.E. 915. That case in most instances is on all-fours with the case at bar. The reasoning in that case, to our minds, is sound and we have to a great extent adopted the reasoning therein.

There seem to be only two cases from this state touching on the subject matter of this suit. Brown v. Union Indemnity Co., 159 La. 641, 105 So. 918, 54 A.L.R. 1439, although not directly in point, tends to some extent to uphold the views we have expressed. The other case is Haik v. United States Fidelity & Guaranty Co., 15 La. App. 97, 130 So. 118, which to some extent supports the contention of plaintiff. Neither case is sufficiently in point to be used as authority for a decision in this case. Counsel for plaintiff in a well prepared brief has cited numerous authorities from other jurisdictions tending to support his contention. We are not, however, impressed with the reasons given in those cases for the decisions rendered therein.

We therefore conclude that the judgment of the lower court sustaining the exception of no cause and no right of action is correct and it is affirmed with costs.

HAMITER, J., dissents.