**UNITED STATES INS. CO. v. BOYER.**

No. 3153.

Court of Civil Appeals of Texas.

Waco.

Jan. 21, 1954.

Rehearing Denied Feb. 4, 1954.

Phenix, Reeves & Oubre, Waco, for appellant.

Maddin & Copeland, Waco, for appellee.

McDONALD, Chief Justice.

This suit is based upon an automobile policy, insuring against damage by collision, and was submitted on stipulated facts.

On February 17, 1953, appellant issued appellee an insurance policy which provided that appellant would pay for direct and accidental loss or damage to appellee's automobile caused by collision of the automobile with another object or by upset of the automobile, less a $50 deductible amount. Thereafter, on May 11, 1953, appellee's automobile was parked at the curb on South 5th Street in the City of Waco. At that time a tornado struck the area. In connection with the tornado there was lightning, rain, hail and strong winds. By virtue of the force of one or all of the above elements, a portion of a masonry building located near where the automobile was parked was torn loose from the building and hurled towards the earth, striking appellee's automobile, totally destroying it. The value of the automobile on that occasion was $1,100.

The only insurance coverage contended for by appellee is under *Section E-1* of the policy, which is: *"Collision or Upset. To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by collision of the automobile with another object or by upset of the automobile, but only for the amount of each such loss in excess of the deductible amount."* * * * (which was $50).

The appellant Insurance Company denied liability on the policy and appellee filed suit. The case was tried by the court without a jury, which rendered judgment

for appellee, concluding as a matter of law that the damage sustained by appellee's automobile on May 11, 1953 was the result of a collision within the meaning of Coverage E-1 of appellant's policy, and that this collision was the proximate cause of damage to appellee's automobile. Judgment was rendered for appellee for $1,050.

Appellant appeals to this court, contending that the Trial Court erred in holding that the damage done to appellee's automobile under the stipulated facts, was caused by a collision.

The sole question to be answered, therefore, is: Whether a stationary vehicle damaged by falling debris from a building damaged by a tornado, is such *damage or loss* as is contemplated by an insurance policy insuring against *damage or loss* to an automobile in *collision* with another object.

It is our view that Providence Washington Ins. Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379, 382, recently decided by our Supreme Court, is determinative of this question, and that it answers same in the affirmative. In that case the insured had only collision coverage as in the case at bar. The question was whether the force of flood waters against a stationary automobile was a collision. The court therein defines the noun "collision" as is contained in the Century Dictionary and Encyclopedia as follows: *"The meeting and mutual striking or clashing of two or more moving bodies, or of a moving body with a stationary one"*; and held that it was a collision within the meaning of the policy.

In that case it was contended, as appellant contends in the case at bar, that had appellee desired to have coverage against floods, falling debris, etc., he could have purchased it under Comprehensive Coverage, which in the case at bar was Coverage D and provided: *"Comprehensive Loss of or Damage to the Automobile Except by Collision or Upset: To pay for any direct and accidental loss, except loss caused by collision of the automobile*

*with another object or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset."* (There is no deductible amount in connection with this coverage.)

■ In the Proffitt case, supra, our Supreme Court held: "The provision of Coverage A (which is Coverage D in the case at bar) that 'Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood * * * shall not be deemed loss caused by collision or upset' cannot be used to defeat a recovery under Coverage B-1 (which is Coverage E-1 in the case at bar). The obvious purpose of this provision was to enlarge the liability of petitioner under Coverage A and was not to restrict the liability of petitioner under Coverage B-1. To those who pay for Coverage A petitioner obligated itself to pay for all loss or damage to the automobile *except* loss or damage caused by collision or upset. By the quoted language it then removed any possibility of defeating recovery for loss or damage resulting from the causes named * * *. If petitioner had intended the language used in the last sentence of Coverage A (enlarging its liability under that coverage) to be used also to restrict its liability under Coverage B-1, the same language could have been written into Coverage B-1 as a limitation of liability. It is a settled rule in this state that policies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insurer."

■ Applying the law announced to the facts in the case at bar—and ascribing to the word "collision" its ordinarily accepted, as well as its legal meaning as announced by our Supreme Court, we hold that the damage to the appellant's automobile was caused by a collision within

the meaning of the policy issued by appellant. See Home Ins. Co. of New York v. Cox, Tex.Civ.App., 264 S.W.2d 149.

The judgment of the Trial Court is therefore affirmed.

HALE, J., did not participate in the disposition of this case because of disqualification.