**Raymond G. BUDDEN, Plaintiff,**

v.

**BRITISH AMERICA ASSURANCE COMPANY, Defendant.**

**Civ. No. 61-228.**

United States District Court
D. Oregon.

Feb. 28, 1962.

J. O. Stearns, Jr., Glenn D. Ramirez, Klamath Falls, Or., for plaintiff.

Collins, Redden & Mullen, by Hugh B. Collins, Medford, Or., R. R. Bullivant, Patrick Ford, Pendergrass, Spackman, Bullivant & Wright, Portland, Or., for defendant.

KILKENNY, District Judge.

Plaintiff was injured in an automobile accident which occurred in the City of Klamath Falls, Oregon on August 17, 1957. Subsequently, he recovered a judgment for the sum of $25,015.22 against one Carl Clifford Dahlgren, Jr., the owner and operator of the other vehicle involved in the accident. Dahlgren's

895

personal insurance carrier paid on said judgment the sum of $10,131.58, the limit of its liability. This action is for the balance of said judgment. At, and for some time prior to the accident, Dahlgren was employed as a salesman by Moore Business Forms, Inc.

At the time of the accident there was in full force and effect defendant's policy of liability insurance insuring Moore's Business Forms, Inc. as to liability created by the following language:

"INSURING AGREEMENT

\* \* \* \* \* \*

"SECTION A—THIRD PARTY LIABILITY

"The Insurer agrees to indemnify the Insured, his executors or administrators against the liability imposed by law upon the Insured for loss or damage arising from the use or operation of any automobile not owned in whole or in part by or licensed in the name of the Insured, and resulting from

"BODILY INJURY TO OR THE DEATH OF ANY PERSON OR DAMAGE TO PROPERTY OF OTHERS NOT IN THE CARE, CUSTODY OR CONTROL OF THE INSURED: \* \* \*."

A proviso follows which excludes liability under circumstances which are here of no significance. Obviously, the judgment here under discussion imposes no liability on the insured Moore's Business Forms, Inc. and these provisions of the policy do not afford a remedy to plaintiff.

■ Plaintiff argues that his judgment is covered by Item 2 [1] of the *application* for insurance, in that the automobile in question was being used in the applicant's business at the time of the accident in question. Plaintiff overlooks the fact that his rights are governed by the insuring agreement. Although the language of the policy must be liberally

construed in favor of plaintiff, I am not permitted to re-write the policy and create an obligation which would not otherwise exist. American Insurance Co. of City of Newark, N. J. v. Keane, 98 U.S.App.D.C. 152, 1956, 233 F.2d 354; cert. den. 352 U.S. 913, 77 S.Ct. 147, 1 L.Ed.2d 118; Kaifer v. Georgia Casualty Co., 9 Cir., 1933, 67 F.2d 309.

On the face of the policy it is designated as a "STANDARD NON-OWNED AUTOMOBILE POLICY." The clear intent of the policy is to afford coverage under Item 2 of the application, and the Insuring Agreement, to those automobiles used in the applicant's business with its consent and which were not owned in whole or in part by nor licensed in the name of the Insured or those defined as an additional insured. Under Item 4, coverage was afforded to hired automobiles and under Item 5 to automobiles operated under contract, none of which were owned in whole or in part by or licensed in the name of the insured or any partner, officer or employee of the insured. Such non-owner policies have been recognized as valid by the Oregon Supreme Court. Ohm v. Fireman's Fund Indemnity Co., 211 Or. 596, 317 P.2d 575.

■ An unambiguous insurance policy must be enforced, like any other contract, according to its terms. United States Fidelity & Guaranty Co. v. Guenther, 281 U.S. 34, 50 S.Ct. 165, 74 L.Ed. 683; Bradley v. Prudential Insurance Co. of America, 9 Cir., 1934, 70 F.2d 988. The intention of the parties to an insurance policy is to be gathered from the policy alone, except when the language is ambiguous. Home Insurance Co. v. Baltimore Warehouse Co., 93 U.S. 527, 23 L.Ed. 868.

■■ Although insurance contracts are to be liberally construed in favor of the insured, Aschenbrenner v. United States Fidelity & Guaranty Co., 292 U.S. 80, 54 S.Ct. 590, 78 L.Ed. 1137, such con-

1. "Item 2. The automobiles in respect of which insurance is to be provided are those not owned in whole or in part by nor licensed in the name of the applicant used in the applicant's business of: \* \* \*"

struction is not to be invoked unless the contract is ambiguous, United States Fidelity & Guaranty Co. v. Guenther, supra; Insurance Co. v. Boon, 95 U.S. 117, 24 L.Ed. 395, and the rule has no application where the language of the policy is clear and definite. United States Shipping Board Merchant Fleet Corporation v. Aetna Casualty & Surety Co., 68 App. D.C. 366, 1938, 98 F.2d 238; Matsuo Yoshida v. Liberty Mutual Insurance Co., 9 Cir., 1957, 240 F.2d 824; American Aviation & General Insurance Co. v. Georgia Telco Credit Union, 5 Cir., 1955, 223 F.2d 206, 51 A.L.R.2d 316. It is fundamental that all parts of an insurance policy must be read together. Matsuo Yoshida v. Liberty Mutual Insurance Co., supra; Schwartz v. Northern Life Insurance Co., 9 Cir., 1928, 25 F.2d 555; cert. den. 278 U.S. 628, 49 S.Ct. 29, 73 L.Ed. 547; Aetna Insurance Co. v. Sacramento-Stockton S. S. Co., 9 Cir., 1921, 273 F. 55.

Applying the foregoing rules of construction to the insurance contract in question, I find no difficulty in arriving at the conclusion that plaintiff is not afforded coverage by the contract and cannot maintain this action. This holding is entirely in accord with other decisions on non-ownership policies, such as American Mutual Liability Insurance Co. of Boston v. Meyer, 3 Cir., 1940, 115 F.2d 807, and Fertig v. General Accident, Fire & Life Assurance Corp. (1939), 171 Misc. 921, 13 N.Y.S.2d 872.

Other coverage provided by the policy is that outlined and defined under "General Provisions" as follows:

"1. ADDITIONAL INSUREDS —The Insurer agrees to indemnify in the same manner and to the same extent as if named herein as the Insured, every partner, officer or employee of the Insured, who, with the consent of the Insured and in the business of the Insured stated in Item 2 of the Application, personally drives any automobile not owned in whole or in part by or licensed in the name of (1) the Insured, or (2) such additional Insured person, or (3) any person in the household(s) of which the Insured or such additional insured person is a member."

Plaintiff concedes that Dahlgren is not an additional insured under this provision of the policy. With this concession I am in full accord. It is agreed that Dahlgren owned the automobile which he was driving at the time of the accident. As such owner he is excluded as an additional insured by the express language of the provision in question.

Aside from my interpretation and construction of the policy, I find on the evidence in the case that Dahlgren was not acting in the business of Moore's Business Forms, Inc. at the time and place of the accident. Such a finding prevents a recovery by plaintiff, even though the other provisions of the policy cover the judgment in question. Dahlgren maintained an office in downtown Klamath Falls. He was paid a regular monthly salary and mileage for the use of his automobile on business trips outside the corporate limits of said city. A considerable number of his contacts were outside of the city. On the day of the accident he called on a customer and then drove to the Post Office to check his postal box, which was used for personal and business mail. This was after his usual office closing hour of 5:00 p. m. It was routine for him, after work, to check the Post Office and then drive home. After checking at the Post Office and on his usual and customary route home he was involved in this accident. The evidence on this point is undisputed except for an alleged statement by him to the plaintiff to the effect that he was on his way to his office.

Dahlgren testified that he had no recollection of ever making such a statement. The declaration, even though conceded, is probably not binding on defendant under the Oregon law. OREGON REVISED STATUTES [2] 41.900(5). First National Bank v. Linn County Bank, 30 Or. 296, 47 P. 614. I had an opportunity to observe Dahlgren while he

was testifying. I was impressed with his positive declaration that he had finished his day's work for the defendant and was on his way home at the time the accident occurred. He is no longer in the employ of Moore's Business Forms, Inc. and would have no reason to color his testimony on the nature of his journey. If, in fact, he was using the automobile in his employer's business at that time, it would have been to his advantage to openly disclose that fact, and place the burden of responsibility on the employer, where it would then properly belong. I am convinced the employee was on his way home and was not using the automobile in his employer's business at the time in question. It seems obvious that the plaintiff had a similar belief; otherwise, he would have made the employer a party defendant in the original action.

Although other courts seem to be in disagreement, the Oregon Supreme Court is committed to the rule that an employee is not acting within the course and scope of his employment when going to or from work. Crosby v. Braley & Graham, Inc., 171 Or. 72, 134 P.2d 110; I-L Logging Co. v. Manufacturers & Wholesalers Indemnity Exchange, 202 Or. 277, 273 P.2d 212, 275 P.2d 226; Livingston v. State Industrial Accident Commission, 200 Or. 468, 266 P.2d 684. I feel that an employee cannot use a motor vehicle *in the business of* his employer unless the employee is performing functions within the course and scope of his employment. My finding on this question of fact, although unnecessary to a decision, may be of assistance to the Court of Appeals if the case is appealed and that Court should decide that I was in error in my conclusions as to non-liability under the other provisions of the policy.

I feel it unnecessary to decide other legal questions raised by defendant.

The agreed facts and this opinion shall stand as my findings and conclusions and judgment shall be entered in conformity herewith.