Raymond G. BUDDEN, Appellant,

v.

BRITISH–AMERICA ASSURANCE CO., a corporation, Appellee.

No. 18029.

United States Court of Appeals Ninth Circuit.

Jan. 10, 1963.

Rehearing Denied Feb. 1, 1963.

**320**

Glenn D. Ramirez, Klamath Falls, Or., and Joseph O. Stearns, Portland, Or., for appellant.

Collins & Redden, and Hugh B. Collins, Medford, Or., Pendergrass, Spackman, Bullivant & Wright, R. R. Bullivant and Patrick Ford, Portland, Or., for appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and MADDEN, Judge of the Court of Claims.

MADDEN, Judge.

This is an appeal from the United States District Court for the District of Oregon. The jurisdiction of that court was based on diversity of citizenship, 28 U.S.C. § 1332(a). The case was tried to the court, and a judgment of dismissal was entered, with an opinion which set forth the findings and conclusion of the court at 203 F.Supp. 894 (D.Ore. 1962). This appeal is from that judgment. The jurisdiction of this court is based on 28 U.S.C. § 1291.

The theory of the appellant's suit is not clear to us. He was injured on August 17, 1957, by an automobile driven by one Carl Clifford Dahlgren, Jr. He brought a suit against Dahlgren in a state court in Oregon, and obtained in 1959, a judgment for $25,015.22 against Dahlgren. Dahlgren had liability insurance, but the upper limit of the insurance carrier's liability, in the circumstances, was $10,000, plus certain expenses of litigation. The insurance carrier paid the appellant $10,131.58, which amount was credited on the appellant's judgment against Dahlgren. In 1960, Dahlgren went through bankruptcy, and listed the unpaid balance of appellant's judgment as one of his debts. Appellant was paid $172.90 out of the bankrupt estate. This left an unpaid balance of approximately $15,000 on the appellant's judgment against Dahlgren.

On May 15, 1960, the appellant, pursuant to his unsatisfied judgment against Dahlgren, caused an execution in the nature of a garnishment to issue against the appellee, the British-America Assurance Co. The case was removed from the state court to the federal district court because of diversity of citizenship. In the district court, the case was tried upon the pre-trial order, which is the only pleading designated a part of the record on appeal.

The appellant brought the appellee insurance company into the case because the appellee had in effect, at the time of the appellant's injury, a policy of liability insurance in which it agreed to indemnify a certain corporation, Moore Business Forms, Inc., against liability incurred by it for damage caused by automobiles in certain circumstances. During the period in which the appellant's injury occurred, Dahlgren was a salesman for Moore Business Forms, who used his own privately owned automobile both in calling on customers and for other business errands, and for private travel.

In appellant's suit against Dahlgren, Moore Business Forms was not made a defendant. So far as appears, appellant had not, prior to or in connection with that suit, asserted that Moore Business Forms was in any way liable to the appellant for the injury caused by Dahlgren. As we have seen, the judgment in that suit was against Dahlgren, and no one else. Since any liability which the appellee insurance com-

pany might have incurred to indemnify Moore Business Forms against liability to any other person would have been a secondary, derivative liability, arising out of a primary liability of Moore Business Forms to that other person, the derivative liability cannot be adjudicated in a proceeding such as this garnishment proceeding in which Moore Business Forms is not a party, and which garnishment proceeding purports to be in execution of a judgment in a suit in which Moore Business Forms was not a party, and of course was not named in the judgment.

The judgment of the district court dismissing the appellant's suit was right.

Because of the insistence with which appellant pressed his arguments, we will give them some attention. Appellant urges that he should be allowed to proceed against the appellee, which agreed to indemnify Moore Business Forms if that company should become liable to a third person, without bringing any suit to establish any liability of Moore Business Forms to himself. He says, in effect, that an insurance company which issues a liability policy is under a duty to be on the lookout for persons who might be injured under circumstances which might involve the entity which the insurance company has agreed to indemnify, and that even though the injured person makes no claim that the holder of the policy was in any way involved in the incident which resulted in the injury, the insurance company should come forward and suggest that the injured person might be overlooking something of possible value to him. The suggestion seems to be that the insurance company has collected a good deal of money as premiums from its policy holders, and that this money is a trust fund which it should be astute to distribute to injured persons, even those who do not think they are entitled to any of it. In Utopia this ideal may become reality, and there will be no more courts and lawsuits.

The district court might properly have dismissed the appellant's suit upon the ground stated earlier in this opinion. But the court, out of abundant consideration, gave the appellant an opportunity to prove, if he could, that Dahlgren, at the time of the appellant's injury, was driving his automobile on the business of his employer, Moore Business Forms. Dahlgren testified that he was driving home after the end of his day's work. The appellant testified that Dahlgren called on him at the hospital shortly after the accident and at that time told him that he was returning to his office when the accident happened. The place where the accident occurred would have been on the route which he would have normally taken, whether he had been going home or back to the office. Dahlgren was not available to be recalled to comment on the appellant's testimony as to his statement at the hospital. The parties stipulated that if he were on the witness stand he would testify that he had no recollection of making the statement attributed to him by the appellant.

■ The appellant's testimony as to Dahlgren's prior extra-judicial statement, contradictory to what he stated under oath as a witness, was admissible to impeach Dahlgren's credibility as a witness. Whether it could also be used substantively to prove that he was, in fact, driving on his employer's business at the time of the accident is a question too troublesome to be undertaken as a work of supererogation. The question is foreclosed by the district court's express finding that Dahlgren was on his way home at the time of the accident. The court based this finding on its observation of Dahlgren's demeanor when he testified that he was on his way home, and on the inference which the court drew, and which seems to us to have been logical, that if Dahlgren had made the statement which the appellant attributed to him, his employer, Moore Business Forms, would have been made a defendant in appellant's suit against Dahlgren.

■ If, then, we should regard it as possible to determine the liability of Moore Business Forms to the appellant without that company's ever having been

a party to any proceeding involving its liability, we would still have to reverse the finding of the district court in order to find that liability. The finding of the district court was not clearly erroneous, and may not be disturbed.

In his reply brief appellant suggests that, the nature of Dahlgren's employment being what it was, any driving at all which he did at any time of day was within the scope of his employment. The appellant cites no precedents for that suggested view, and we have not investigated its possibilities.

We have not considered and we do not decide the issues tendered by the appellee with regard to the interpretation and application of the "not owned" language of the appellee's insurance policy, nor with regard to the "failure of notice" and the "no action" clauses of the policy.

The judgment of the district court is affirmed.