Argued January 9, affirmed January 22, 1964

# FISHER *v.* CALIFORNIA INSURANCE COMPANY

388 P. 2d 441

*Robert Clapperton,* Portland, argued the cause and submitted a brief for appellant.

*James F. Spiekerman,* Portland, argued the cause for respondent. With him on the brief were Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, and James B. O'Hanlon, Portland.

Before McALLISTER, Chief Justice, and O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

## O'CONNELL, J.

This is an action by plaintiff insured against defendant insurer to recover $1,157.25 under an insurance contract covering plaintiff's automobile for damage caused by collision or upset. Plaintiff appeals from a judgment for defendant. The case was heard by the court without a jury.

The damage occurred when a heavy wind caused a tree to fall upon plaintiff's parked car. The principal question on appeal is whether the occurrence was a "collision" within the meaning of the policy. The face of the policy contained the following item:

Item 3. The insurance afforded is only with respect to such and so many of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| COVERAGES (as hereinafter defined) | Limits of Liability (Insert Amount or "Actual Cash Value") | Net Rates | ANNUAL PREMIUM | EXT. TERM PREMIUM |
|---|---|---|---|---|
| A COMPREHENSIVE—Loss of or damage to the Automobile, except by Collison or Upset but including Fire, Theft and Windstorm | $ | | $ | $ |
| B COLLISION OR UPSET | Actual Cash Value less $ 100.00 deductible | Class Dep. | $ 50.00 | $ |
| C FIRE, LIGHTNING AND TRANSPORTATION | $ Reporting Form | Dep. | $ 50.00 | $ |
| D THEFT (BROAD FORM) | $ Reporting Form | Dep. | $ ins. | $ |
| E WINDSTORM, HAIL, EARTHQUAKE OR EXPLOSION | $ | | $ | $ |
| F COMBINED ADDITIONAL COVERAGE | $ | | $ | $ |
| ENDORSEMENTS Garage Keeper's Legal Liability | Coverage | | $ 97.00 | $ |
| | | Total Premium | $197.00 | Deposit |

It is apparent from the above item that plaintiff is not covered under either (A) comprehensive loss

or (E) loss resulting from windstorm, hail, earthquake or explosion.

Plaintiff bases his claim on the coverage for collision or upset which is described in the policy as follows:

> "Coverage B—Collision or Upset: To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by collision of the automobile with another object or by upset of the automobile, but only for the amount of each such loss in excess of the deductible amount, if any, stated in the declarations as applicable hereto."

Defendant takes the position that damage to a parked automobile when struck by a tree blown down by a strong wind is not within the coverage of a policy providing for payment of damage to an automobile "caused by collision of the automobile with another object." In support of this interpretation of Coverage B, defendant calls attention to three other coverage clauses of the policy:

> "Coverage A—Comprehensive Loss of or Damage to the Automobile Except by Collision or Upset: To pay for direct and accidental loss of or damage to the automobile hereinafter called loss, except loss caused by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset."

> "Coverage E—Windstorm, Hail, Earthquake or Explosion: To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by windstorm, hail, earthquake or ex-

plosion, excluding loss or damage caused by rain, snow or sleet, whether or not wind-driven."

"Coverage F—Combined Additional Coverage: To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by windstorm, hail, earthquake, explosion, riot or civil commotion, or the forced landing or falling of any aircraft or of its parts or equipment, flood or rising waters, malicious mischief, or vandalism, external discharge or leakage of water except loss resulting from rain, snow or sleet whether or not wind-driven; provided, with respect to each automobile $25 shall be deducted from each loss caused by malicious mischief or vandalism."

Defendant argues that all of the coverage clauses must be read together in deriving the contractual intent of the parties. If the clauses are read together it is clear that damage by "collision" does not include damage by windstorm or damage by falling objects because Coverage A specifically provides that loss caused by falling objects or by windstorm "shall not be deemed loss caused by collision or upset."

Defendant regards the policy as presenting to plaintiff a choice of coverage—he could limit his coverage to collision or upset under coverage B or, by paying an added premium, expand the coverage to include damage by windstorm or from falling objects under other coverage clauses. Defendant argues that since plaintiff elected to pay only for collision coverage he is not entitled to coverage under the other clauses.

Plaintiff would treat each of the coverage clauses separately in interpreting the contract. His argument is summarized in this statement taken from his brief:

"* * * [T]here is no indication that the

insured even knew of the other coverages, and much less was given a choice as to the selection of the same. It is much more logical to assume that the insurance company included other coverages in its policy form solely for its own convenience and not as a showcase for the insured, particularly if it is underwriting insurance risks on a national scale, in which event it would be very expensive and uneconomical to have a separate policy for each type of insurance undertaken.

"1. There is no statement in Defendant's policy that the coverages afforded by it are mutually dependent or mutually repugnant.

"2. The fact that an additional coverage is offered in the policy should not, in justice, reduce the efficacy of another coverage which the policy does provide.

"3. The provisions relating to comprehensive, windstorm and combined additional coverage are no part of the insurance contract between the Plaintiff and Defendant.

"4. It is conceivable that one loss would be covered by two or more of the coverages listed in Defendant's policy."

■■ We are of the opinion that the policy must be read in the manner urged by defendant. Ambiguous provisions in an insurance policy are to be resolved in favor of the insured. This does not mean, however, that insurance contracts are not subject to the same rules of construction as other contracts. Contracts, including insurance contracts, are to be construed as a whole, not as a congeries of separate parts. We do not think it is reasonable to say that the insured is required to read only that part of a policy which directly deals with the coverage he seeks. The language in *Saul v.*

*Saint Paul Mercury Indemnity Co.,* 173 Kan 679, 250 P2d 819 at 822 (1952) is particularly appropriate:

"* * * In other words although plaintiff agrees a contract must be construed from its four corners his primary contention is that the four corners of the contract comprise only the terms of the particular coverages he actually purchased; that in determining the intent of the parties courts should ignore the facts that flood insurance was expressly made available under coverage 'I' and that he did not purchase it.

"We cannot agree to such a narrow rule of construction for determining the intent of the parties. This is particularly true where, as here, it plainly appears in the policy various types of insurance are available and that the insured declined to purchase the kind of insurance which would have afforded the protection he now claims. In order to sustain plaintiff's contention we would be obligated to say the fact flood coverage is clearly made available to an insured under a policy, and the further fact that he sees fit not to buy it, cannot be considered in determining the nature of the insurance he intended to buy and actually purchased."

The reasoning urged by plaintiff that the clauses of the contract be interpreted separately has been accepted elsewhere.[1] However, we feel that the construction we have adopted is the more reasonable. We hold, therefore, that the damage suffered in this case was not caused by collision and is not covered by the policy.

---

[1] Comment, 24 U Chi L Rev 170, 173 (1956). The author would, however, reach the same conclusion reached by this court in the instant fact situation. He comments that it is reasonable to assume that "in obtaining collision coverage an insured intends to insure against losses due to 'accidents' and not against losses due to natural catastrophes."

Plaintiff also contends that defendant is estopped to raise the defense urged here because it had denied payment of plaintiff's claim on a ground other than that asserted after action was brought. We see nothing inconsistent in defendant's position before and after the institution of this action.

The judgment is affirmed.