Orville G. NESS, Plaintiff,

v.

NATIONAL INDEMNITY COMPANY OF NEBRASKA, Defendant.

Civ. No. F–32–64.

United States District Court
D. Alaska.

Dec. 13, 1965.

Richard R. Cole and Charles E. Cole, Fairbanks, Alaska, for plaintiff.

Howard Staley, of McNealy & Merdes, Fairbanks, Alaska, for defendant.

PLUMMER, District Judge.

Plaintiff by this action seeks to recover the sum of $15,710.50 for damage to his 1962 Kenworth tractor, under the collision and upset coverage of a contract of insurance between plaintiff and defendant.

The court under Rule 42(b), Federal Rules of Civil Procedure, ordered separate trials on the issues of liability and damages. The issue of liability was tried before the court without a jury and this matter is presently before the court for determination.

Plaintiff is a citizen of the State of Alaska and defendant is incorporated in and has its principal place of business in the State of Nebraska. Jurisdiction of this court is based on diversity of citizenship, 28 U.S.C.A. § 1332.

On March 27, 1964, an earthquake of tremendous force, registering 8.6 on the

Richter scale, occurred in the Southcentral area of the State of Alaska. The epicenter of this earthquake was relatively near the City of Valdez. Following the earthquake, a seismic sea wave swept the port and City of Valdez. This wave completely destroyed the Valdez dock and the city suffered damage of a serious nature.

Before the earthquake and wave, plaintiff's Kenworth tractor was parked about a block from the Valdez dock. Afterwards, it was found a distance of approximately 1000 feet from where it had been parked. The tractor was upside down and had been substantially damaged.

Plaintiff contends that the damage to the tractor was covered by the collision and upset provisions of a policy of insurance issued to him by defendant company.

The question to be determined is whether the occurrence on March 27, 1964, was a "collision or upset" within the terms of the policy. The face of the policy contained the following item:

Item 4. The insurance afforded is only with respect to such and so many of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| | COVERAGES | | LIMITS OF LIABILITY | | PREMIUMS |
|---|---|---|---|---|---|
| A | Bodily Injury Liability | CLASS: | $ 50,000 $ 100,000 | each person each accident | $ 1254.00 |
| B | Property Damage Liability | CLASS: | $ 10,000 | each accident | $ 429.00 |
| C | Automobile Medical Payments | | $ | each person | $ |
| D | Comprehensive—Loss of or Damage to the Automobile, except by Collision or Upset but including Fire, Theft and Windstorm | | $ | | $ |
| E | Collision or Upset | CLASS: | Actual Cash Value less $ see schedule deductible | | $ 2080.00 |
| F | Fire, Lightning and Transportation | | $ see schedule | | $ 204.00 |
| G | Theft (Broad Form) | | $ see schedule | | $ incl. |
| H | Windstorm, Hail, Earthquake or Explosion | | $ | | $ |
| I | Combined Additional Coverage | | $ | | $ |
| J | Towing and Labor Costs | | $ | for each disablement | $ |
| | | | $ | | |
| | Cargo coverage see endorsement Form 72A attached | | | | $ 60.00 |
| | | | | Total Premium | $ 4027.80 |

It is apparent from the above item, and plaintiff does not contend otherwise, that plaintiff was not insured under coverages D—Comprehensive loss, H—Windstorm, Hail, Earthquake or Explosion, or I—Combined Additional Coverage.

As shown above, Item 4 of the declarations expressly provides that: "The limit of the company's liability against each such coverage shall be as stated herein, *subject to all the terms of this policy having reference thereto.*" (Emphasis supplied.)

The pertinent parts of the contract of insurance provide:

"National Indemnity Company

\* \* \* \* \* \*

"Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions *and other terms of this policy:* (Emphasis supplied.)

"Insuring Agreements

\* \* \* \* \* \*

"Coverage D—Comprehensive Loss of or Damage to the Automo-

bile, *Except by Collision or Upset:* To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, except loss caused by collision of the automobile with another object or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and *loss caused by* missiles, falling objects, fire, theft, explosion, *earthquake,* windstorm, hail, *water, flood,* malicious mischief or vandalism, riot or civil commotion *shall not be deemed loss caused by collision or upset.* (Emphasis supplied.)

"Coverage E—Collision or Upset: To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by collision of the automobile with another object or by upset of the automobile, but only for the amount of each such loss in excess of the deductible amount, if any, stated in the declarations as applicable hereto.

\* \* \* \* \* \*

"Coverage H—Windstorm, Hail, Earthquake or Explosion: To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by windstorm, hail, earthquake or explosion, excluding loss or damage caused by rain, snow or sleet, whether or not wind-driven.

"Coverage I—Combined Additional Coverage: To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by windstorm, hail, earthquake, explosion, riot or civil commotion, or the forced landing or falling of any aircraft or of its parts or equipment, flood or rising waters, \* \* \*."

Plaintiff contends that since he did not pay premiums for coverages D, H and I, such coverages are not a part of the contract of insurance and should not be considered in determining the coverage afforded him under coverage E—Collision or Upset. Plaintiff further contends that

the language of coverage E, when read alone, is broad enough in its scope to include loss resulting from water or flood. Plaintiff relies on Barnard v. Houston Fire & Casualty Insurance Co., 81 So.2d 132, 54 A.L.R.2d 374 (La.App.1955); Providence Washington Insurance Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379 (1951); Long v. Royal Insurance Co., 180 Wash. 360, 40 P.2d 132, 105 A.L.R. 1423; Home Insurance Company of New York v. Cox, 264 S.W.2d 149 (Civ.App. Tex.1954); and United States Insurance Co. v. Boyer, Tex.Civ.App., 264 S.W.2d 151.

■ Since this is a diversity case, the law of Alaska controls. The Supreme Court of Alaska has not yet ruled upon the question now before this court. Under these circumstances this court is required to use its best judgment in predicting what that court would hold in this case. Tavernier v. Weyerhaeuser Company, 309 F.2d 87, 91 A.L.R.2d 1268 (9th Cir. 1962).

■ It is a well-settled rule of construction that where ambiguity or uncertainty exists in an insurance contract, such ambiguity or uncertainty will be resolved adversely to the insurer. However, the rule is not without limitation. Some actual or apparent ambiguity must be present before the rule comes into play. Where there is no ambiguity, there is nothing to be construed. A court cannot and should not do violence to the plain terms of a contract by artificially creating ambiguity where none exists. In situations in which reasonable interpretation favors the insurer, and any other would be strained and tenuous, no compulsion exists to torture or twist the language of the contract. An insurance company has the right to limit the coverage of a policy issued by it and when it has done so, the plain language of the limitation must be respected. Matsuo Yoshida v. Liberty Mutual Insurance Co., 240 F.2d 824 (9th Cir. 1957); Rachford v. Indemnity Insurance Co. of North America, 183 F.Supp. 875 (S.D.Cal.1960).

■■ A contract of insurance is controlled by the same principles of law ap-

plicable to any other contract. Gandelman v. Mercantile Ins. Co. of America, 90 F.Supp. 472 (S.D.Cal.1950), affirmed 187 F.2d 654, cert. denied 342 U.S. 896, 72 S.Ct. 228, 96 L.Ed. 671. It is well-settled that words or terms in an insurance policy, like the words or terms used in any other contract, are to be construed according to their plain, ordinary and accepted sense in the common speech of man unless it appears from the policy that a different meaning is intended. Teixeira v. Globe Indemnity Company, 349 F.2d 502 (9th Cir. 1965); Reliance Insurance Company v. Jones, 296 F.2d 71, 94 A.L.R.2d 217 (10th Cir. 1961); Matsuo Yoshida v. Liberty Mutual Insurance Co., supra.

■ It is fundamental that all parts of an insurance policy must be read together. Matsuo Yoshida v. Liberty Mutual Insurance Co., supra; Schwartz v. Northern Life Insurance Co., 25 F.2d 555 (9th Cir. 1928); Aetna Insurance Co. v. Sacramento-Stockton S. S. Co., 273 F. 55 (9th Cir. 1921); Budden v. British American Assurance Company, 203 F. Supp. 894 (D.Or.1962), affirmed 312 F. 2d 319; Rachford v. Indemnity Ins. Co. of North America, supra.

■ A fundamental rule of construction is that a court must give effect to every word or term employed by the parties and reject none as meaningless or surplusage in arriving at the intention of the contracting parties. United States v. Hathaway, 242 F.2d 897 (9th Cir. 1957). All rules of construction are subordinate to the leading principle that the intention of the parties, to be collected from the entire instrument, must prevail, unless inconsistent with some rule of law. General Casualty Co. of America v. Azteca Films, Inc., 278 F.2d 161 (9th Cir. 1960).

The contract between plaintiff and defendant specifically states in plain, simple and unambiguous words that loss caused by earthquake, water or flood shall not be deemed loss caused by collision or upset. It is difficult to understand how this limitation could have been more clearly expressed by defendant.

■ Courts have no power to make or rewrite contracts of insurance, and when the terms of the contract are clear and unambiguous, it is the duty of the court to enforce the contract as written. General Casualty Co. of America v. Azteca Films, Inc., supra; Rachford v. Indemnity Co. of North America, supra.

■ In Stock & Grove, Incorporated, v. City of Juneau, Alaska, 403 P.2d 171, Opinion No. 292, June 21, 1965, the Supreme Court of Alaska stated as a general rule of law that the clear and unambiguous terms of a contract may be interpreted by the general and accepted usage of the trade or business involved.

In Pepsi Cola Bottling Company of Anchorage, Inc., v. New Hampshire Insurance Co., et al., Alaska, 407 P.2d 1009, Opinion No. 308, Nov. 26, 1965, the same court stated that it was in agreement with those authorities which hold that where the terms of the policy of insurance are clear and unambiguous, the intent of the parties must be ascertained from the instrument itself.

This court is satisfied that if the Supreme Court of Alaska were called upon to decide the question raised in this case, it would do so in accordance with the basic and well established principles of law stated herein, its pronouncements in Stock & Grove and Pepsi Cola, and in accordance with sound reasoning and common sense. By doing so this court is convinced that the Supreme Court of Alaska would arrive at the same conclusion reached by this court and the Supreme Court of Oregon in Fisher v. California Insurance Company, 236 Or. 376, 388 P.2d 441 (1964). In Fisher the Supreme Court of Oregon held that all coverage clauses of an automobile liability policy were required to be read together, and in doing so, concluded that damage sustained by an automobile on which a tree fell as a result of a heavy wind was not caused by collision and is not covered by the policy.

Even if the court were convinced that the provisions of the policy relating to coverages D, H and I should not be con-

sidered in determining the scope of the coverage afforded plaintiff under coverage E, the court's conclusion would be the same.

In Barnard v. Houston Fire & Casualty Insurance Co., supra, the Court of Appeal of Louisiana stated:

"We are likewise of the opinion that the striking of the automobile by the tree as it was sawed or cut by the workman and as it fell to the ground, constitutes a collision from which plaintiff, according to his allegations, has sustained 'direct and accidental loss.' We have reached this conclusion notwithstanding the holding of this court in Chandler v. Aetna Ins. Co., La.App., 188 So. 506, 508. The cases are distinguishable in that in the Chandler case no accident in reality was involved. There a tornado visited the town of Rodessa, which, among other damage done, demolished a dwelling, from which portions or fragments struck and collided with plaintiff's automobile with such force as to cause serious damage. In the course of the opinion, this court stated:

" 'Plaintiff contends that the probable or efficient cause of the damage to the car was the collision of the dwelling or parts of it with the car. Defendant contends that the efficient cause was the tornado. We do not think any determination need be made as between the two forces. It is certain no human agency contributed to the damage and it is clear that the action of the dwelling or parts of it in colliding with the car was in immediate sequence with the primal force, the tornado, and its action in colliding with the car was brought about solely by that instrument of nature. Some part of the dwelling came in contact with the car but it would be unreasonable to say that the parties, in making the contract, contemplated that the coverage of "collision" would include a house being blown against the car by a tornado. Manifestly, the tornado itself was not an accident but was an act of God. An act of God is something in which man plays no part, does not understand and in most instances is afraid to attempt to fathom.' "

Under the facts of the present case Chandler is controlling and Barnard is inapposite. In the present case, as in Chandler, no accident in reality was involved.

It is reasonable to assume that persons obtaining "collision" coverage intend to insure against losses due to "accidents" and not against losses due to natural catastrophies.

 It is clear that the action of the seismic sea wave which damaged plaintiff's vehicle was precipitated or caused by the earthquake and its action was brought about solely by the earthquake. The earthquake itself was caused by the elements of nature, vis major, or act of God, and not by the hand of man. The court concludes that the damage to plaintiff's vehicle on March 27, 1964, was not caused by collision or upset and is not covered by the policy. Jacobs v. Camden Fire Insurance Association, 135 F.Supp. 837 (W.D.Pa.1955); Fisher v. California Insurance Company, supra; Saul v. Saint Paul Mercury Indemnity, 173 Kan. 679, 250 P.2d 819 (1952); Mercury Insurance Co. v. McClellan, et al., 216 Ark. 410, 225 S.W.2d 931, 14 A.L.R.2d 806 (1950); Chandler v. Aetna Ins. Co., 188 So. 506 (La.App.).

The foregoing shall constitute the findings of fact and conclusions of law required by Rule 52(a), Federal Rules of Civil Procedure. Counsel for defendant will prepare, serve and submit an appropriate order or judgment within fifteen (15) days.