LOLA MATARESE *pro ami* vs. AMIELLO MATARESE.

DECEMBER 16, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)  *Action of Tort by Minor Against Parent.*

A minor child cannot bring his personal action against his father to recover damages for torts alleged to have been committed by the father in the course of the family relation and resulting in personal injury to the child.

TRESPASS ON THE CASE for negligence. Heard on exception of plaintiff and overruled.

SWEETLAND, C. J. This is an action of trespass on the case for negligence to recover damages for personal injuries alleged to have been suffered by the plaintiff by reason of the defendant's negligence in the operation of an automobile.

The case was tried before a justice of the Superior Court sitting with a jury. At the close of the evidence the justice directed the jury to return a verdict for the defendant. The case is before us upon the plaintiff's exception to that direction of the justice.

From the transcript of evidence it appears that the defendant is the father of the plaintiff. At the time of the injury complained of the plaintiff was about five years old and was a member of her father's household. Just before her injury she was playing on the sidewalk near her home and the defendant was approaching her driving an automobile. The defendant, at the request of the plaintiff, stopped, and then either invited or permitted the plaintiff to sit upon the running board of the machine to ride to their home. While she was in that position, the defendant started the machine forward, the plaintiff was thrown to the ground, a rear wheel of the automobile passed over her leg, fracturing the bone and seriously injuring her. The justice directed a verdict for the defendant on the ground that the plaintiff could not maintain an action of this nature against her father.

Immemorially the family has been an important element of our civil society, one of the supports upon which our civilization has developed. Save as modified by the legislature, in domestic affairs the family has remained in law a self-governing entity, under the discipline and direction of the father as its head. As part of the family order or arrangement are the related obligations and rights of the father and his minor child, while the child remains in his household, unemancipated. On the part of the father is the

right and duty to control, protect, support, and to guide or educate the child. The reciprocal duty of the child is to serve and obey the father. These fundamental principles are traceable to ancient customs and usages and are fixed by tradition and evidenced by the decisions of the courts. Anything that brings the child into conflict with the father or diminishes the father's authority or hampers him in its exercise is repugnant to the family establishment and is not to be countenanced save upon positive provisions of the statute law. Any proceeding tending to bring discord into the family and disorganize its government may well be regarded as contrary to the common law, and not to be sanctioned by the courts. Such conflict would arise by (1) recognizing the right of a minor child to bring his personal action against the father to recover damages for torts alleged to have been committed by the father in the course of the family relation and resulting in personal injury to the child. The State by criminal proceedings will punish the father for the gross abuse of his power of control and discipline resulting in injury. For his continued abuse or neglect, indicating that the restraint arising from parental affection has failed, the State will remove the child from the father's control. It is however inconsistent with the family relation, while it exists, to permit the maintenance of such an action as that at bar of a minor child against his father to recover damages for the alleged negligence of the father.

During the long and intimate family relation of a parent and his minor child, living in the household of the parent, it is extremely likely that circumstances may arise resulting in some injury to the child, which injury may be imputed to the negligence of the father because of the condition of the family dwelling, or the act of the parent himself or that of his servant or agent. To permit each of such acts of real or alleged negligence to be the basis of an action for damages against the father during the child's minority or upon his majority or against the father's estate upon the latter's death would destroy the harmony of the family and militate

against the peace of society. That this principle has been recognized as expressing the common law is evidenced by the fact that no case of the action of a minor child against his father for tort appears either in the English reports or in any State report down to 1891; although during that period numerous cases appear of criminal proceedings against parents for the abuse of their minor children in circumstances which would permit civil actions for damages, if such right of action existed.

In 1891 this question was presented to the Supreme Court of Mississippi in *Hewlett* v. *George*, 68 Miss. 703. The court held that a parent is not civilly liable to a child for personal injury inflicted during minority and while the relation of parent and child, with its mutual obligations, exists, and that a sound public policy forbids to the child the right to assert such a claim in a suit at law. The decision in that case has been approved and followed in *McKelvey* v. *McKelvey*, 111 Tenn. 388; *Taubert* v. *Taubert*, 103 Minn. 247; *Small* v. *Morrison*, 185 N. C. 577; *Roller* v. *Roller*, 37 Wash. 242; *Smith* v. *Smith* (Indiana), 142 N. E. 128. In *Roller* v. *Roller*, *supra*, the action was that of a minor daughter against her father to recover damages for rape committed upon her for which crime the father had been convicted and imprisoned. Notwithstanding the heinous nature of the wrong, the court held that no line of demarkation between torts can be drawn, and to permit an action in any circumstances would be to encourage the disturbing conditions which would be introduced if parents and children were allowed to be involved in litigation of this kind. From the facts in that case it might be urged with apparent reason that the father by his wicked act had destroyed the family relation, had invaded the absolute rights of the child, and had emancipated her. While we approve the general rule enunciated in that case, it is unnecessary here to consider its application in such extreme circumstances as are there presented.

The plaintiff criticizes the opinions in the cases *supra* for the reason that the courts base their conclusions, denying the right of action, on what they declare to be a "rule of the common law." Following the argument contained in the elaborate dissenting opinion filed in *Small* v. *Morrison, supra,* the plaintiff asserts that in the absence of decisions upon the question extending back to the early reports, the courts in the cases cited *supra* have evolved the rule denying the right of action from their own consciousness and have then erroneously designated it as a rule of the common law. The objection is not sound. The common law is found in the principles derived from the usages, customs and manners of the people. The decisions of the courts and the writings of learned commentators do not create the common law, they merely evidence the deductions which may properly be drawn from an examination of its sources.

The conclusions to which the plaintiff objects are readily deduced from those principles of the common law which are involved in the structure of our society as it has existed since antiquity.

In support of her contention the plaintiff cites *Clason* v. *Pruhs,* 69 Neb. 278; *Treschman* v. *Treschman,* 28 Ind. App. 206; *Dix* v. *Martin,* 171 Mo. App. 266, and *Fidelity* v. *Marchand,* Can. L. Rep. (1924) 86. In the first of these cases the court seems to have erroneously applied to a civil action for damages instituted by a child, without noting the distinction, the principles recognized and applicable in criminal proceedings prosecuted by the State. Each of the two cases following was brought to recover damages against a person who was not a parent in blood of the plaintiff and who does not clearly appear to have stood *in loco parentis* to the plaintiff. The last case cited by the plaintiff is not in point. It is based upon a statute of the province of Quebec which the court construed as permitting the action in question. None of these cases cited by the plaintiff appears to us to lessen the authority of the cases *supra,* in which the right of action has been denied.

The plaintiff's exception is overruled. The case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*Benjamin W. Grim,* for plaintiff.

*Henshaw & Sweeney, Benjamin F. Lindemuth, John W. Baker,* for defendant.