Argued September 28, affirmed October 19, rehearing denied November 9, 1926.

## In Re VIOLA SMITH FLORES, Alleged Feeble-Minded.

### (249 Pac. 1097.)

**Insane Persons.**

1. Court of Domestic Relations has original and exclusive jurisdiction for examination and commitment of feeble-minded girl 18 years of age or under, in view of Sections 9780, 9787, Or. L., even though she has reached her majority, under Section 9782, by marriage.

**Marriage.**

2. Husband or wife may maintain suit against the other for dissolution of marriage contract when either of parties thereto is incapable of making such contract for want of sufficient understanding thereof, under Sections 501, 503, Or. L.

Insane Persons, 32 **C. J.**, p. 629, n. 42 New.
Marriage, 38 **C. J.**, p. 1286, n. 36.

From Multnomah: Robert Tucker, Judge.

Department 2.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief and oral arguments by *Mr. Wm. G. Martin* and *Mr. Lon L. Parker.*

For respondent there was a brief over the name of *Mr. Stanley Myers,* District Attorney, with an oral argument by *Mr. George La Roche,* Deputy District Attorney.

BROWN, J.—This cause was initiated in the Court of Domestic Relations of the State of Oregon for Multnomah County, and after a full hearing the court adjudged that the appellant be committed to

2. Mental capacity to marry, see note in 28 **A. L. R.** 635. See, also, 18 **R. C. L.** 443.

the state institution for the feeble-minded. An appeal was had to the Circuit Court where the cause was again heard upon its merits. For a second time she was examined by a board of competent alienists, and as a result of the hearing the Circuit Court made an order committing her to the state's feeble-minded institution. The appellant through her attorneys has appealed from that order. A number of alleged errors not disclosed by the record were pressed upon our attention at the hearing, but we must confine our attention to matters properly of record. The important question raised in this appeal challenges the jurisdiction of the Court of Domestic Relations to make an order committing the appellant, a girl of about 17 years old, to the institution for the feeble-minded. The appellant is married and by reason thereof and by virtue of law has reached her majority. It is contended that because of her marriage she has arrived at the age of 18 years, which age places her cause beyond that court's jurisdiction. 18 years is the age of majority for females in this state: Or. L., § 9780.

"All female persons shall be deemed to have arrived at the age of majority upon their being married, * * ." Or. L., § 9782.

1. The language of the statute conferring jurisdiction upon the Court of Domestic Relations is decisive of the question. The Court of Domestic Relations has original and exclusive jurisdiction in proceedings concerning the dependent, delinquent or neglected children *under 18 years of age* and " * * for the examination and commitment of feeble-minded, * * persons eighteen years of age or under * * ." Or. L., § 9787. It will be noted that the Court of Domestic Relations has jurisdiction in all

proceedings for the examination and committment of feeble-minded persons of the full *age of 18 years* and under. She is not above 18 years of age. By virtue of her marriage the law changed the legal status of the appellant from that of a minor to a major. The moment she was married she reached her majority for the purpose of succeeding to her legal rights as a major and most of her legal disabilities as a minor were thereby removed. While the law conferred upon her an artificial age, it did not give her a new birthday from which to reckon her years. Her age is yet embraced within the language "18 years or under." As a practical illustration we will observe that women become legal voters at the age of 21 years.

2. In this state a girl marrying when 17 years old does not become a legal voter three years from the date of her marriage but attains the age of such voter when she actually becomes 21 years old as reckoned from the date of her birth. Neither the law nor time places the age of appellant above 18 years. For the reason that the district attorney has asserted that the marriage of Viola Smith Flores is not such as would be recognized by the courts, we deem it pertinent to make the following observations: In support of his contention that officer bases his argument upon Section 8439, Remington's Compiled Statutes of Washington, which denounces as an offense the marriage of a woman under the age of 45 years who is feeble-minded. Though appellant was married in the State of Washington that section of its Code referred to does not declare such marriage to be void. At most the marriage in question might be declared to be void in a suit for that purpose. The Code of Washington further provides:

"When either party to a marriage shall be incapable of consenting thereto, for want of legal age or a sufficient understanding, * * such marriage is voidable, but only at the suit of the party laboring under the disability, * * ." Section 8449, Remington's Compiled Statutes of Washington.

In this state a husband or wife may maintain a suit against the other for a dissolution of the marriage contract when either of the parties thereto shall be incapable of making such contract for want of sufficient understanding thereof: Or. L., §§ 501, 503.

"It is convenient and fit in respect to the decent order of society, the condition of the parties and succession of estates, that the validity of such a marriage should be directly the subject of judicial sentence." *Williamson* v. *Williams,* 56 N. C. 446, 448.

We hold that the Court of Domestic Relations had original and exclusive jurisdiction of this cause. This cause is affirmed.

                    AFFIRMED.    REHEARING DENIED.

McBRIDE, C. J., and BEAN and BELT, JJ., concur.