## VILLARET v. VILLARET.

### No. 9606.

United States Court of Appeals
District of Columbia.

Argued May 12, 1948.

Decided June 14, 1948.

Mr. William E. Stewart, Jr., of Washington, D. C., with whom Mr. Richard W. Galiher, of Washington, D. C., was on the brief, for appellant.

Mr. John D. Sadler, of Washington, D. C., with whom Mr. Thomas F. Burke, of Washington D. C., was on the brief, for appellee.

Before CLARK and WILBUR K. MILLER, Associate Justices, and CURRAN, District Judge sitting by designation.

WILBUR K. MILLER, Associate Justice.

Armand Villaret, a thirteen-year-old boy, was injured on December 20, 1946, when the automobile in which he was riding, operated by his mother, Mrs. Abigail H. Villaret, collided with another car on a highway in Maryland. Acting by his next friend, Armand sued his mother in the District Court of the United States for the District of Columbia for damages in the sum of $10,000. He joined the other driver, one Carroll Ruhl, as a defendant, and alleged his injury was caused by the negligence of either Mrs. Villaret or Ruhl, or by the negligence of both. It was stipulated that Mrs. Villaret had liability insurance in a sum equal to the recovery sought. Her motion to dismiss the complaint as failing to state a claim upon which relief could be granted was denied by the District Court. We granted a special appeal from that ruling.

There is thus presented the question whether an unemancipated minor child may sue his parent for a tortious act. A second question is whether the fact that the parent is protected by public liability insurance affects the answer to the first.

The ancient common law did not, it appears, expressly deny to a child a right of action against a parent for personal injury negligently inflicted[1]. But since 1891 there has grown up in this country a mass of authority holding that such a suit is against public policy and cannot be maintained.[2] Criticism of the rule has been voiced, and it has been said to be inapplicable where the parent has liability insurance, on the theory that, the suit being in practical effect against the insurer instead of the parent, it cannot disturb family unity and discipline.[3] Such decisions remain relatively

[1] Dunlap v. Dunlap, 1930, 84 N.H. 352, 150 A. 905, 71 A.L.R. 1055.

[2] The earliest case is Hewlett v. George, 1891, 68 Miss. 703, 9 So. 885, 13 L.R.A. 682. The latest decision which we have found or to which our attention has been directed is Detwiler v. Det-wiler, 162 Pa.Super. 383, 57 A.2d 426, decided by the Pennsylvania Superior Court on March 8, 1948. Annotations will be found in 31 A.L.R. 1157, 71 A.L.R. 1071, 122 A.L.R. 1352, 130 A.L.R. 889

[3] Dunlap v. Dunlap, supra.

rare, however, and it continues to be the almost unanimous judicial opinion that an unemancipated child may not maintain an action against a parent for a personal tort. Nor does the existence of liability insurance give rise to or permit such a right of action, in the view of several courts to which the question has been presented,[4] although there is authority to the contrary.[5]

█ Whether a child may maintain an action such as this has not been decided in the District of Columbia. But in the present case it is neither necessary nor proper for us to analyze the authorities, weigh the problem and announce a rule. Our task is only to see whether Armand Villaret has the right under Maryland law to bring this suit against his mother, since the existence of the right depends upon the law of the place where the accident occurred.[6]

There is in Maryland no statutory authorization of the right of action asserted by the appellee. The precise question here presented has not been passed on by the Court of Appeals of Maryland, but holdings of that court on kindred questions clearly indicate its accord with the overwhelmingly prevalent rule that public policy forbids such suits.

The case of Schneider v. Schneider, 1930, 160 Md. 18, 152 A. 498, 499, 72 A.L.R. 449, was one in which a mother sued her infant son to recover for injuries which she sustained through his negligent operation of an automobile in which she was a passenger. The court said: "The obstacle to the mother's recovery against James Schneider is in the fact that she sues a minor son, of whom she, jointly with the father, is the natural guardian. * * * The ordinary position of parent and guardian of a minor, and that of plaintiff seeking to recover from the minor, are positions which cannot both be occupied by one person at one and the same time. Maintenance of the suit is inconsistent with the parent's status or office, and the dependence of the minor upon her, and also with the dependence of the law upon her, for the fulfillment of necessary legal and social functions. * * * This court has de-

cided that a wife cannot sue her husband for damages sustained in an automobile accident. Furstenburg v. Furstenburg, 152 Md. 247, 136 A. 534. It appears that a majority of courts in which the question has arisen have decided that a minor child cannot maintain such an action against its parent—a question differing somewhat from the one now decided. Hewlett v. George, 68 Miss. 703, 9 So. 885, 13 L.R.A. 682; McKelvey v. McKelvey, 111 Tenn. 388, 77 S.W. 664, 64 L.R.A. 991, 102 Am. St.Rep. 787, 1 Ann.Cas. 130; Roller v. Roller, 37 Wash. 242, 79 P. 788, 68 L.R.A. 893, 107 Am.St.Rep. 805, 3 Ann.Cas. 1; Small v. Morrison, 185 N.C. 577, 118 S.E. 12, 31 A.L.R. 1135; Wick v. Wick, 192 Wis. 260, 212 N.W. 787, 52 A.L.R. 1113; Matarese v. Matarese, 47 R.I. 131, 131 A. 198, 42 A.L.R. 1360; Sorrentino v. Sorrentino, 222 App.Div. 835, 226 N.Y.S. 907, affirmed 248 N.Y. 626, 162 N.E. 551; Mesite v. Kirchenstein, 1929, 109 Conn. 77, 145 A. 753; Dunlap v. Dunlap, 1930, 84 N.H. 352, 150 A. 905. See study of cases, 43 Harvard Law Rev. 1056 to 1082."

As the Maryland court thus holds that a mother may not sue her infant son for injuries caused by his negligent operation of an automobile in which she was a passenger, it would be illogical to suppose its holding would be different were it confronted with the converse of the situation. Indeed, the seeming approval with which the Court of Appeals of Maryland referred, in the language just quoted, to the established principle that a minor child cannot maintain a tort action against a parent, clearly indicates that, upon occasion, the general rule would be adopted.

Appellee says, however, the rule against such actions ceases when the reason for it has disappeared. This suit cannot disturb family harmony or diminish parental authority, he asserts, because Mrs. Villaret's liability insurance will prevent her from suffering financial loss should a judgment be entered against her.

█ The existence of liability insurance ought not to create a cause of action where none exists otherwise. A policy of

---

[4] Elias v. Collins, 237 Mich. 175, 211 N. W. 88, 52 A.L.R. 1118; Lasecki v. Kabara, 235 Wis. 645, 294 N.W. 33, 130 A. L.R. 883.

[5] Dunlap v Dunlap, supra.

[6] Giddings v. Zellan, 1947, 82 U.S.App. D.C. 92, 160 F.2d 585.

such insurance protects against claims legally asserted, but does not itself produce liability. Such policies frequently contain a provision requiring the insured to cooperate in the defense of any action brought against him. Compliance with such a requirement might readily produce the domestic disharmony to avoid which the rule was formulated. Moreover, to permit the maintenance of a suit such as this because the parent has liability insurance would tend to encourage collusive fraud between the child and parent in order to recover against the insurer.

There is no doubt as to the attitude of the Court of Appeals of Maryland on the effect of liability insurance in such situations, for it said in Schneider v. Schneider, supra, 152 A. at page 500: "Reference has been made in argument to policies or contracts held by one or both of the sons for indemnifying them against loss from recovery of judgment against them, but there is no reference in the record to such policies. They would not be relevant. The suit is not one on a policy and the possession of a policy by the defendants could not affect the disposition of this case. International Co. v. Clark, 147 Md. 34, 42, 127 A. 647. And see Lord v. Veazie, 8 How. 251, 12 L.Ed. 1067."

Under what we consider to be the law of Maryland, Armand Villaret's complaint did not state a claim against his mother upon which relief could be granted. Her motion to dismiss should have been granted.

Reversed and remanded.