Patricia Ann ZACCARI, Infant by Charles Zaccari, her father and next friend, and Charles Zaccari

v.

UNITED STATES of America.

No. 7971.

United States District Court
D. Maryland, Civil Division.

April 15, 1955.

Hector J. Ciotti and Eugene A. Alexander, III, Baltimore, Md., for plaintiffs.

George Cochran Doub, U. S. Atty., and Herbert F. Murray, Asst. U. S. Atty., Baltimore, Md., for United States.

Paul M. Higinbothom and Paul R. Kach, Baltimore, Md., for Charles Zaccari.

THOMSEN, District Judge.

In this case a six year old girl, a passenger in an automobile being driven by her father, with whom she was in a normal parent-child relationship, was injured in a collision with an automobile alleged to have been negligently operated by an employee of the United States acting within the scope of his employment. The infant, by her father and next friend, and the father individually, sued the United States under the Federal Tort Claims Act, the infant for damages for her injuries, and the father for his expenses resulting therefrom. The government filed an answer and a counterclaim against the father, alleging negligence on his part, and claiming contribution from him "for his pro rata share of any sums which may be adjudged to be due the (infant) plaintiff". The father seeks dismissal of the counterclaim on the ground that under the Maryland law an infant cannot sue her father for negligence, and, therefore, the government does not have a right of contribution.

■■ Liability of the United States under the Federal Tort Claims Act is to be determined by the standards and tests of the law of the place where the act or omission occurred, in this case the State of Maryland. 28 U.S.C.A. §§ 1346(b), 2674; D'Anna v. United States, 4 Cir., 181 F.2d 335, 336. The statute does not provide what law shall govern the question whether the United States may obtain contribution from a joint tort feasor. Although there are some arguments in favor of a uniform rule of liability or no liability, 3 Moore's Federal Practice 507, 514 et seq., cf. United States v. Standard Oil Co. of California, 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067, the rule seems to be clear that the government's right to obtain contribution from a joint tort feasor depends upon the local substantive law. United States v. Yellow Cab Co., 340 U.S. 543, 552, 71 S.Ct. 399, 95 L.Ed. 523, affirming Howey v. Yellow Cab Co., 3 Cir., 181 F.2d 967, 972.

Such cases as Di Benedictis v. United States, D.C.W.D.Pa., 103 F.Supp. 462, are not authority to the contrary. That case was based upon the Pennsylvania law, which permits contribution in such a situation. Fisher v. Diehl, 156 Pa. Super. 476, 40 A.2d 912. The government has cited no case in which contribution was allowed in a Federal Tort Claims Act case where it would not have been allowed under the local law.

■ As in diversity cases involving similar questions, we must "apply the substantive law of the state and the procedural law of the federal courts". Gray v. Hartford Accident & Indemnity Co., D.C.W.D.La., 31 F.Supp. 299, 306. The State law "will determine whether the ultimate facts give rise to any cause of action in favor of the defendant * * *. That is a matter of substantive law. But, the issues being made in this court, its rules of procedure will govern in the matter of the allowability of a counterclaim. The right to present the counterclaim, as distinguished from its ultimate merit, is a matter of procedure". Sinkbeil v. Handler, D.C.D.Neb., 7 F.R. D. 92, 96. If the statements in Moore, op. cit., Vol. 3, p. 426, go further than this, they are not in accord with United States v. Yellow Cab Co., supra, and other late cases. As Moore himself notes, Vol. 3, p. 426, there must be some showing that under the applicable law the third party may be liable to the defendant. Mills v. Board of Education of Anne Arundel County, D.C.D.Md., 30 F.Supp. 245. The counterclaim was properly filed, but should be dismissed if the relief requested is not authorized by Maryland substantive law.

■■ In Maryland there is no common law right of contribution among joint tort feasors. Baltimore & O. R. Co. v. Howard County, 113 Md. 404, 414, 77 A. 930; Baltimore Transit Co. v. State, to Use of Schriefer, 183 Md. 674, 679, 39 A.2d 858, 860, 156 A.L.R. 460. The Joint Tort Feasors' Act, Annotated Code of Maryland, 1951 Ed., Art. 50, §§

20 to 29, applies only when there is a common liability to the plaintiff. In the Schriefer case, supra, Judge Henderson, speaking for the court, said:

"We think these provisions (sections 22a and 27a of Article 50) make it clear that the Act is only applicable to a situation where there is a common liability to an injured person in tort. Such liability may be joint or several, but there can be no contribution where the injured person has no right of action against the third-party defendant. The right of contribution is a derivative right and not a new cause of action."

The Schriefer case was an action under Art. 101, § 72 (now sec. 59) of the Maryland Code, where the defendant was attempting to bring in the employer as a third party defendant. Chief Judge Niles, in the Court of Common Pleas, applied the same rule where a defendant in an automobile case sought to bring in as a third party defendant the plaintiff's husband, the driver of the car in which she was riding. Eisner v. Saxon, Daily Record, March 14, 1955. So did Judge Frank in Kovitz v. Neumann, Daily Record, April 24, 1942, and the Court of Appeals for the District of Columbia in Yellow Cab Co. of D. C. v. Dreslin, 86 U.S.App.D.C. 327, 181 F.2d 626.

The Court of Appeals of Maryland has never passed flatly on the question whether an unemancipated infant can sue his parent for damages for the parent's negligence in the operation of an automobile, but it has recognized the general rule that such an action cannot be maintained. I have never heard of such an action being filed in Maryland, although I am told that a motion to bring in an allegedly negligent father as a third party defendant in an automobile case is pending in Howard County.

There is one case in the District of Columbia, Villaret v. Villaret, 83 U.S. App.D.C. 311, 169 F.2d 677, 678, where the Court of Appeals, applying Maryland law, denied an infant the right to sue his mother for injuries sustained in an automobile accident in Maryland. The Court said:

"* * * The precise question here presented has not been passed on by the Court of Appeals of Maryland, but holdings of that court on kindred questions clearly indicate its accord with the overwhelmingly prevalent rule that public policy forbids such suits."

In Schneider v. Schneider, 160 Md. 18, 152 A. 498, 72 A.L.R. 449, an action by a parent against a child for negligence, the court referred to the majority rule that an infant cannot sue his parent for damages arising out of an automobile accident, and stated that the fact that the defendants had liability insurance would not be relevant. The court said: "The suit is not one on a policy and the possession of a policy by the defendants could not affect the disposition of this case." 160 Md. at page 24, 152 A. at page 500. The rejection of the insurance exception to the rule of immunity is in line with the weight of authority. 19 A.L.R.2d 425, 439 et seq.; Small v. Morrison, 185 N.C. 577, 118 S.E. 12, 31 A.L. R. 1135; Villaret v. Villaret, 83 U.S. App.D.C. 311, 169 F.2d 677.

In Yost v. Yost, 172 Md. 128, 190 A. 753, 756, the court held that a parent is not liable to a child for neglect—passive negligence or nonfeasance—incident to the parental relation, as distinguished from "overt acts of tort".

In Mahnke v. Moore, 197 Md. 61, 77 A.2d 923, 926, Judge Delaplaine, speaking for the court said:

"It is conceded, of course, that parental authority should be maintained. It is also conceded that a child should forego any recovery of damages if such recovery would unduly impair discipline and destroy the harmony of the family. * * * But when * * * the parent is guilty of acts which show complete abandonment of the parental relation, the rule giving him immunity

from suit by the child, on the ground that discipline should be maintained in the home, cannot logically be applied, for when he is guilty of such acts he forfeits his parental authority and privileges, including his immunity from suit. Justice demands that a minor child shall have a right of action against a parent for injuries resulting from cruel and inhuman treatment or for malicious and wanton wrongs."

Thus, in the most recent case, the Court of Appeals of Maryland recognized the rule of immunity and based the exception to it on narrow grounds. See the full note in 19 A.L.R.2d 425 et seq., superseding earlier notes, and case note in XII Maryland Law Review 202.

Article 75, section 60, of the Annotated Code of Maryland, 1951 Ed., authorizes the "next friend", who shall have brought any suit at law for the benefit of an infant, to compromise and settle said suit and the cause of action, but provides that whenever such "next friend" shall not be a parent of the infant or a person standing *in loco parentis,* the consent of such parent or other person shall first be had and obtained. Where a father has not abandoned the parental relation, he would be on both sides of the fence in an action for negligence brought against him by his infant child. A similar anomaly was noted by the court in the Schneider case, supra.

█ I conclude, as did the Court of Appeals for the District of Columbia in Villaret v. Villaret, supra, that under the Maryland law an infant cannot sue her parent for injuries sustained in an automobile accident. Therefore, under the Maryland law, the government is not entitled *to contribution from the father in* this case; and, since the Maryland law governs the question of liability for contribution, as distinguished from any procedural questions, the government's counterclaim against the father for contribution must be and it is hereby dismissed.