Robert TAVERNIER, Appellant,

v.

WEYERHAEUSER COMPANY, a Corporation, Appellee.

No. 17640.

United States Court of Appeals
Ninth Circuit.

Oct. 17, 1962.

Pozzi, Levin & Wilson, Philip A. Levin, Portland, Or., for appellant.

Mautz, Souther, Spaulding, Kinsey & Williamson, Robert T. Mautz, Portland, Or., for appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and ROSS, District Judge.

DUNIWAY, Circuit Judge.

In this diversity case the sole question is whether plaintiff-appellant's first claim for relief, for personal injuries, is barred by the Oregon two-year statute of limitations. (O.R.S. 12.110). The trial judge held that the claim is barred. We are reversing.

The facts are simple. Appellant was injured on January 3, 1957. He was then sixteen years old. He was lawfully married on June 27, 1957, and became 21 on June 1, 1961. This action was filed on April 6, 1961. Thus the claim is barred unless the running of the statute is tolled. The tolling statute is O.R.S. 12.160, which provides:

"If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS [12.110] * * * is:

"(1) Within the age of 21 years,

"(2) Insane, or

"(3) Imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than his natural life, the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases."

The trial judge held that "such disability," i. e., the disability of minority, ceased on the date of appellant's marriage, June 27, 1957, and that the period of limitation therefore ran out before this action was filed. He so decided because O.R.S. 109.520 provides, with an exception not material here, that "all persons shall be deemed to have arrived at the age of majority upon their being married according to law," and O.R.S. 109.-510 provides:

"Except as provided in ORS 109.520, in this state any person shall be deemed to have arrived at majority at the age of 21 years, and thereafter shall have control of his own actions and business, have all the rights and be subject to all the liabilities of a citizen of full age."

It was the trial judge's view that being "within the age of 21 years" ceases to be a "disability" upon marriage. He relied upon Kilgour v. Gockley, 1876, 83 Ill. 109, which does so hold in construing a similar statute. Appellee cites other cases to the same effect: Slater v. Cave, 1853, 3 Ohio St.Rep. 80; Hicks v. Steele, 1949, 309 Ky. 833, 219 S.W.2d 35.

The Oregon Supreme Court has not decided the question, and we, like the trial judge, must use our best judgment in predicting what that court would hold in this case. We think that it would hold that the running of the statute of limitations is tolled until appellant is twenty-one, even though he married before reaching that age, for two reasons:

First, the history of the Oregon statutes shows that "within the age of 21 years" has a different meaning from "within the age of majority." When the statute dealing with majority was enacted in 1864, the age of majority was not 21 years for all persons. For females, it

was 18 years or the time of marriage, if earlier; for males it was 21 years, with no exception for an earlier marriage. (See Deady's Laws, 1866, ch. 12, §§ 74–6.) Not until O.R.S. 109.510 was amended, in 1935 (Ore.Laws 1935, ch. 80) did the age of majority for females become 21 years, but with the same exception as to earlier marriage (see Ore. Comp.Laws 1940, § 63–502). On the other hand, it is only since 1953 (Ore. Laws, 1953, ch. 343) that males attain the age of majority upon marriage while under 21 years of age. Thus, it has never been true in Oregon that the age of 21 years has in all cases coincided with the age of majority. Yet the Oregon *tolling* statute, now O.R.S. 12.160, during all this time, has referred to the age of 21 years, not the age of majority. This could not have been merely a different way of saying the same thing.

The Oregon Legislature has been conscious of the difference. A statute enacted in 1853, Deady's Laws, 1866, ch. 62, § 1, provided that "every person of twenty-one years of age and upwards" could make a will, and, in § 2, that every person of eighteen years of age and upwards could dispose of personal property by will. Yet until 1935, an unmarried female reached the age of majority at eighteen. In 1921 (Ore.Laws, 1921, ch. 27) the legislature repealed the provisions of § 2, regarding personal property, and provided generally, for the first time, that a female eighteen years or more of age could make a will. Why the change, if "age of majority" and "age of 21 years" mean the same thing? After the age of majority for unmarried females was raised to twenty-one in 1935, the law was again amended in 1941 (Ore. Laws 1941, ch. 136) to provide that only persons twenty-one years of age or older can make a will. Again, after it was provided in 1953 that all persons attain majority upon being married, the legislature, in 1955 (Ore.Laws, 1955, ch. 69), amended the law to provide that all persons of twenty-one years of age or who have attained the age of majority may make a will.

Thus, we think that legislative history indicates that the word "disability" in O.R.S. 12.160 refers to the disability of being "within the age of 21 years," not to the disability of being under the age of majority.

Second, the Oregon Supreme Court has so construed the statute with reference to a former provision, (removed by Ore. Laws, 1915, ch. 30) making it apply "[i]f * * * any person entitled to bring an action * * * be * * * a married woman." The married woman's "disability" of being unable to bring an action in her own name and right was removed by the married woman's acts of 1878 and 1880 (Ore.Laws, 1878, pp. 92–4, 1880, pp. 6–7.) Yet in 1895 the Oregon Supreme Court held, in Morrison v. Holladay, 27 Or. 175, 39 P. 1100, that the removal of the legal disability did not make the statute inapplicable. In so holding, the court said:

"The exemption of a married woman from the operation of the ten years' statute of limitations, and allowing her five years additional time, is founded upon her marital relation, and not upon the idea that such relation prevented her from suing in her own name. As said by Mr. Justice DEADY, 'it was because of her status as a married woman, which was supposed to disqualify or disable her from asserting her rights, and not for the reason that she therefore might not be permitted to sue alone': Stubblefield v. Menzies, 8 Sawy. 41 (11 Fed. 268.)

"4. If the married woman's acts of eighteen hundred and seventy-eight (Laws, 1878, pages 92–94,) and eighteen hundred and eighty (Laws, 1880, page 6,) removed all the legal disabilities of a married woman, as claimed by the defendant, they did not change her status or remove her marital disability, and so did not repeal or modify the statute of limitations. In the opinion of the legislature, the status of a married woman is sufficient reason for allowing her not to ex-

ceed five years in which to bring the action, in addition to the time allowed persons not laboring under such disability, and this additional time is allowed because of her coverture, and not because she is disabled in fact from prosecuting the action." (27 Ore. at 184–185, 39 P. at 1103.) This seems to us to be the case most closely in point, and, in principle, as much applicable to the status of being "within the age of 21 years" as to that of being "a married woman." The fact of being young—under twenty-one—is often as much a disability as the fact of being a married woman, even though some of the legal consequences may have been abolished.

The Oregon court has similarly construed an act conferring upon the Court of Domestic Relations jurisdiction of "persons 18 years of age and under," holding the statute applicable to married females under eighteen, although such females had, under statutes heretofore mentioned, attained the age of majority. (In re Flores, 1926, 119 Or. 550, 249 P. 1097; see Ex parte Packer, 1931, 136 Or. 159, 298 P. 234.) These cases, however, are less persuasive than Morrison, supra; the policy considerations are quite different.

We are aware that in a later case dealing with O.R.S. 12.160, the Oregon Supreme Court has said: "When exceptions to the operation of a statute of limitation are made in favor of persons under disability, they should be strictly construed, and never extended beyond their plain import." (Bock v. Collier, 1944, 175 Or. 145, 149, 151 P.2d 732, 734.) There it was held that one who is at large on bail is not "imprisoned on a criminal charge." This certainly does not fall within the "plain import" of the statute. In the case before us, appellant does fall within its "plain import." He is "within the age of 21 years." When the tolling statute says, with no exceptions, "within the age of 21 years," we think that all persons within that age should be entitled to rely upon its plain import, rather than required to read it as if it

said "within the age of majority." This, to us, is what Morrison, supra, stands for.

Highland v. Tollisen, 1915, 75 Or. 578, 147 P. 558, is not, in our view, to the contrary. There the court did assume that the statute would commence to run when a female reached the age of majority, then 18 years. But the result would have been the same if the statute did not commence to run until she reached age twenty-one. The question before us was neither considered nor decided.

Reversed and remanded for further proceedings.