*Southern District*

No. 7630

**JOSEPH LONDON**
Plaintiff

v.

**ELROY B. CARTER**
Defendant and Third-Party Plaintiff

v.

**LILLIAN LONDON**
Third-Party Defendant

Argued: Oct. 26, 1971 - Decided: March 2, 1972

Case tried to *Horrocks, J.* in the Third District Court of Bristol, No. 3350.

*Present:* Murphy, P.J., Lee, Rider, J.J.

**Lee, J.** This is an action of tort brought to recover damages to the plaintiff's motor vehicle arising out of the alleged negligence of the defendant. There is no allegation in the declaration as to who was operating the plaintiff's vehicle.

The defendant filed an answer setting up as a defense a general denial, contributory negligence, lack of control over the operator of the vehicle involved in the accident with the plaintiff's vehicle, and violation of law. In addition, the defendant as a third-party plaintiff, impleaded Lillian London as third-party defendant under G.L. c. 231, §4B. The third-party declaration alleges that the third-party defendant so negligently operated the vehicle of the plaintiff that it collided with the defendant's (third-party plaintiff's) vehicle thereby damaging the plaintiff's vehicle, and that the third-party defendant is liable in whole or in part for the damage that the plaintiff allegedly sustained.

The third-party defendant filed a pleading entitled "Special Answer", and without waiving a plea in abatement, set up against the plaintiff the defense of general denial, contributory

negligence, lask of control, trespasser on the highway, violation of law and the statute of limitation. The third-party defendant also filed a plea in abatement, without waiving her right to answer, moving "that this action be abated under the provisions of Chapter 231, §4B."

The court allowed the plea in abatement.

The question before the court is one of first impression in this Commonwealth, in that may an operator, a bailee and the wife of the bailor be impleaded as a third-party defendant, by the defendant in the original action, as a third-party plaintiff.

There is no case in point in this Commonwealth but a review of the decisions in other jurisdictions, including the Federal Courts finds a majority do not allow a defendant to implead a husband or a wife or the parent of an unemancipated child in bailment situations. *Yellow Cab Co.* v. *Dreslin,* 181 F.2d 626. *Koenigs* v. *Travis,* 246 Minn. 466. *Guerriero* v. *U-Drive-It of N.J.,* 22 NJ Super 538. *Norfolk Southern RR.* v. *Gretakis,* 162 Va. 597.

The provisions of the Impleader Statute should also be read in conjunction with the provisions of G.L. c. 231B, §§ 1-4, commonly referred to as the Contribution Statute because of the interdependency and interrelationship between interpleader and contribution.

An action for contribution is derivative and not a new cause of action. There must be a common liability to the original plaintiff. *Zac-*

*cari* v. *U.S.*, 130 F. Supp. 50, 52. *Lutz* v. *Boltz*, 100 A. 2nd 647. *Ennis* v. *Donovan*, 222 Md. 536.

In this case the third-party defendant cannot be impleaded inasmuch as she was not liable to the original plaintiff, being the wife of the plaintiff and not subject to litigation in this type of tort action in this Commonwealth. *Callow* v. *Thomas*, 322 Mass. 550, 551, 552. *Lubowitz* v. *Taines*, 293 Mass. 39 at 41. G.L. c. 209, § 6.

In a recent case involving a third-party defendant impleaded by a third-party plaintiff, the original defendant, claiming contribution under G.L. c. 231B, inserted by St. 1962, c. 730, § 1, contribution was denied because the potential contributor was not directly liable to the injured person. The court did not take any position on the effect of an intra-family immunity. *O'Mara* v. *B.F. Hood & Sons, et al*, 1971 AS 553, 555.

The defendant asks us to support his position on the basis of G.L. c. 209, §§ 2 and 6, as amended, the so-called Married Woman's Act. We do agree. A thorough examination of this Act and cases decided pursuant to it, do not extend its provisions to the present case.

There being no prejudicial error in abating this action, **the report should be dismissed.**

RONALD ZEMAN of New Bedford

for the Plaintiff Joseph London and

the Third-Party Defendant Lillian London

DANIEL A. McLAUGHLIN of New Bedford

for the Defendant Elroy B. Carter