John J. COUILLARD
vs.
David J. SLATER
vs.
Frank FREITAS
3rd. Party Defendant

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

December 22, 1980

Stephen J. Brown for the plaintiff.
Richard T. Corbett for the defendant and third party defendant.

Present: Forte, J., Banks and Tiffany, J.J.

TIFFANY, J. This is an action in tort to recover for property damage to the plaintiff's motor vehicle sustained in a collision with defendant's automobile. The sole question for review is the propriety of the trial court's allowance of the third-party defendant's Dist./Mun. Cts. R. Civ. P. 56

motion for summary judgment.

The report, pleadings and exhibits upon which the summary judgment was based reveal the following:

On September 21, 1974 a collision occurred between a motor vehicle owned and operated by the defendant, David J. Slater, and an automobile owned by the plaintiff, John J. Couillard, and driven by one Frank Freitas.

Suit was instituted against the defendant on September 17, 1977 and approximately seventeen months later, on February 21, 1979, the defendant, Slater, filed a Dist./Mun. Cts. R. Civ. P. 14 motion to implead Frank Freitas as a third-party defendant. Slater's third-party complaint, dated February 21, 1979 sought damages from Freitas in contribution pursuant to G.L. c. 231B, sec. 1. The defendant's impleader motion was allowed on March 8, 1979. The third-party defendant, Freitas, submitted a motion for summary judgment on the basis that the defendant's claim against him was barred by the statute of limitations, G.L. c. 260, sec. 4. This motion was allowed on August, 16, 1979.

It is established that a claim for contribution pursuant to G.L. c. 231B may be initiated against an alleged joint tort feasor by the filing of a third-party complaint. **Hayon v. Coca Cola Bottling Co. of New England**, __ Mass. __ (1978).[a]

Dist./Mun. Cts. R. Civ. P. 14 provides in sub-section (a) that:

"**At any time** after commencement of the action, a defending party, as a third party plaintiff, may cause a summons and complaint to be served upon a person who is or may be liable to him for all or part of the plaintiff's claim against him" (emphasis supplied).

It is clear from the underscored language of Rule 14(a) that it is far from vague and unambiguous and that the statute of limitations may not operate as a valid defense to a third-party complaint for contribution.

The essential nature of a claim for contribution is its derivative nature and not a new cause of action. There must be a common liability to the original plaintiff, **London v. Carter**, 48 Mass. App. Dec. 20, 22-23 (1972). Whereas in the instant case, the principal plaintiff's suit was instituted within the applicable limitations period, the statute may be deemed tolled for any derivative claim or third-party claim filed "at any time" thereafter. The pleading is deemed to relate back to the date of the original and timely complaint and is thus permissible even though the statute of limitations would bar an independent action.

An alternative conception of contribution as a contingent rather than derivative claim would also require a denial of the third-party defendant's Rule 56 motion on statute of limitations grounds. Contribution in the contingent sense would not constitute an actionable claim and the statute of limitations would not begin to run until after judgment in the principal case.

General Laws c. 231B, sec. 3(c) provides that:

"If there is a judgment for the injury against the tort feasor, any separate action by him to enforce contribution must be commenced within one year after the judgment has become final by lapse of time for appeal or after appellate review."

It necessarily follows that if a separate action for contribution by the defendant herein would be timely if commenced within one year after final judgment, it would be illogical to bar the impleading of a third-party defendant at the pre-trial stage of a case.

The defendant's unexplained delay in bringing a third-party complaint was the obvious motivating factor in the trial court's entry of summary judgment for the third-party defendant. However, the question of the propriety of the trial court's allowance of the defendant's impleader motion based on laches or prejudice to other parties is not properly before this Division.

The trial court's allowance of the third-party defendant's Dist./Mun. Cts. R. Civ. P. 56 motion for summary judgment was error. The allowance of the motion is reversed and the case is remanded to the lower court for trial.

So ordered.